STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

March 4, 2022

By ECF

Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

     Re:    *Smigiel v. College of Staten Island,* 21-cv-06323 (MKB)(RML)
              **Request for Pre-Motion Conference**

Dear Judge Brodie:

     The New York State Office of the Attorney General ("OAG") represents the College of Staten Island ("CSI")/City University of New York ("CUNY"), Dr. Lauren Rogers-Sirin, and Dr. Frances Melendez (collectively "Defendants") in the above captioned matter.[1] I write pursuant to the Court's Individual Rules to respectfully request a pre-motion conference on the Defendants' proposed motion to dismiss all claims.

## A. Factual Background and Allegations

     Plaintiff, a former student at CSI[2], alleges that he has been bullied and harassed by his peers and faculty. Complaint (ECF No. 1) ¶ 2. Plaintiff alleges that the harassment and bullying stemmed from being branded as a racist when he reported a black student for threatening to shoot up the school. *Id.* ¶¶ 11-12. Plaintiff alleges that the bullying escalated and that "nothing happened" when he brought this to the Director of the Clinical Mental Health Counseling program at CSI, Dr. Melendez's attention.

     In the fall of 2020, during Dr. Rogers-Sirin's Zoom class, Plaintiff forgot he had the camera on and laughed at a classmate. *Id.* ¶ 16. Despite his efforts to apologize, Plaintiff alleges that this incident was brought up by Dr. Melendez in a different class. *Id.* ¶ 18. He alleges that Dr. Melendez

---

[1] Plaintiff improperly names CSI as a defendant in this action. CSI, a senior college in the CUNY system, is "not a legally cognizable entity apart from CUNY." *Clissuras v. City Univ. of N.Y.,* 359 F.3d 79, 81 n.2 (2d Cir. 2004) (per curiam). Therefore, CUNY is the sole proper institutional defendant in this action.
[2] At the time the Complaint was filed on November 15, 2021, Plaintiff was still enrolled at CSI. Plaintiff graduated at the end of the Fall 2021 semester (January 15, 2022) with a Masters of Arts in Mental Health Counseling.

Hon. Margo K. Brodie
March 4, 2022
Page 2

allowed other students to verbally attack Plaintiff for over an hour until another student stepped in. *Id.* ¶ 23.

The Complaint further alleges that Plaintiff faced a "full-blown smear campaign" in Dr. Rogers-Sirin's class. *Id.* ¶ 23. Plaintiff alleges that he was accused of not having done the readings. *Id.* Additionally, he claims that Dr. Rogers-Sirin took Plaintiff's assignments out of context and took twenty points off an assignment for a sentence that she branded racist. *Id.* ¶ 25. At the end of the semester, Plaintiff earned an A- in Dr. Rogers-Sirin's Fall 2020 class, for which he believed he deserved an A. *Id.* ¶ 30. Plaintiff appealed to the Psychology department grade committee. *Id.* ¶¶ 32-33. The grade committee, which did not include Defendants, declined to change the grade. *Id.*

Plaintiff brings this 42 U.S.C. § 1983 action against Defendants, claiming that he is entitled to money damages for alleged violations of his constitutional right to due process. Plaintiff further alleges breach of contract, negligence, negligent hiring and supervision, and negligent infliction of emotional distress against CUNY. Plaintiff alleges that Drs. Melendez and Rogers-Sirin are liable for negligence and slander.

**B.  Defendants' Motion to Dismiss**

Defendants respectfully request the Court's permission to file a motion to dismiss the Complaint on the grounds outlined below.

*i.  Plaintiff's Claims Against CUNY, and Drs. Melendez and Rogers-Sirin in Their Official Capacities Are Barred by the Eleventh Amendment*

The Eleventh Amendment bars Plaintiff's Section 1983 claims against CUNY and Dr. Melendez and Dr. Rogers-Sirin in their official capacities. Schools within the CUNY system are considered "arms of the state" and thus immune from suit under the Eleventh Amendment. *Marino v. City Univ. of N.Y.*, 18 F.Supp.3d 320, 329 (E.D.N.Y. 2014) (*citing Clissuras v. City Univ. of N.Y.*, 359 F.3d 79, 83 (2d Cir. 2004). Similarly, officials of those schools sued in their official capacities for money damages are also immune from suit. *See Ford v. Reynolds,* 316 F.3d 351, 355–56 (2d Cir. 2003) (holding that suit against CUNY officials was barred by the Eleventh Amendment to the extent it was brought against CUNY officials in their official capacity and was not seeking prospective injunctive relief). As such, all claims against CUNY and the individual defendants in their official capacities for monetary damages are barred.

*ii.  The Complaint Fails to State a Procedural Due Process Claim*

Plaintiff alleges that Defendants violated his procedural Due Process rights under the Fourteenth Amendment. To state a due process claim, Plaintiff must allege that (1) CUNY officials' refusal to change his grade deprived him of either a "liberty" or "property" interest, *Bd. of Curators of the Univ. of Missouri v. Horowitz*, 435 U.S. 78, 82, 98 S.Ct. 948, 55 L.Ed.2d 124 (1978), and (2) the state's process was "constitutionally [in]adequate," *Zinermon v. Burch*, 494 U.S. 113, 126, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). Plaintiff has failed to allege how he was denied due process. Even assuming Plaintiff has sufficiently pled a constitutionally protected

Hon. Margo K. Brodie
March 4, 2022
Page 3

property interest, Plaintiff fails to allege that the process afforded to him by CUNY was constitutionally inadequate. *See Marino*, 18 F. Supp. 3d at 337. As alleged in the Complaint, Plaintiff appealed his grade to the Psychology Department grade committee and the grade committee declined to change Plaintiff's grade. Comp ¶¶ 32-33. Thus, he was afforded sufficient process under the law. *See id.* at 337-38 (collecting cases discussing how academic challenges do not require formalized procedures) (internal citations omitted). Accordingly, Plaintiff's due process claims must be dismissed.

    iii.    *Plaintiff's Claims Against Dr. Melendez and Dr. Rogers-Sirin Are Barred by Qualified Immunity*

        Plaintiff's Section 1983 claims against Dr. Melendez and Dr. Rogers-Sirin in their individual capacities are barred by qualified immunity. State officials performing discretionary functions are shielded from liability for civil damages if their conduct either "did not violate clearly established rights of which a reason person would have known," or it was objectively reasonable to believe that [their] acts did not violate [those clearly established rights]." *Brennan v. City of White Plains*, 67 F.Supp.2d 362, 375 (S.D.N.Y. 1999); *see Young v. County of Fulton*, 160 F.3d 899, 903 (2d Cir.1998) (citations omitted). Qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011). To be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate" at the time of the challenged conduct. *Id.* at 741. Defendants are entitled to qualified immunity because their alleged actions did not violate Plaintiff's clearly established constitutional rights.

    iv.    *Plaintiff's Supplemental State Law Claims Should be Dismissed*

    The Court should also dismiss Plaintiff's various state law claims against the Defendants. Plaintiff's conclusory allegations fail to allege the necessary elements of each of the pled state law claims. *See Ashcroft v. Iqbal*, 556 U.S. at 677-79 ("A pleading that offers 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it 'tenders naked assertion[s]' devoid of 'further factual enhancement.'"). Moreover, a district court may "decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). *See Chris H. v. New York*, 740 F. App'x 740, 742 (2d Cir. 2018) (affirming dismissal of state law claims where federal claims were dismissed on basis of sovereign immunity and judicial immunity). Because Plaintiff has failed to state a plausible claim for a violation of his constitutional rights, Plaintiff's supplemental state law claims should also be dismissed.

    Thank you for your consideration of this request.

                Respectfully submitted,

                */s/ Jane P. Rosales*
                Jane P. Rosales
                Assistant Attorney General

cc:      Counsel of record (via ECF)