# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

DANIEL SMIGIEL,                      Case No. 21-CV-06323(MKB)(RML)

             Plaintiff,

v.

COLLEGE OF STATEN ISLAND
DR. FRANCES MELENDEZ,
And DR. LAUREN ROGERS-SIRIN,
             Defendants.

---

## PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS THE COMPLAINT

---

Keith Altman, Esq. (Pro Hac Vice)
Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorneys for Plaintiff*

## TABLE OF CONTENTS

ARGUMENT ..................................................................................................................5

   A. Standard for Dismissal ...................................................................................5

   B. Defendants Are Not Entitled to Eleventh Amendment Sovereign Immunity..6

      i. CUNY .........................................................................................................6

      ii. Dr. Melendez and Dr. Rogers-Sirin .........................................................7

   C. The Complaint States a Valid Section 1983 Claim Against Dr. Melendez and Dr. Rogers-Sirin ...................................................................................................8

      iii. Respondent Superior ................................................................................8

      iv. Plaintiff Alleges a Sufficient Allegation of a Violation of His Rights Under the Fourteenth Amendment ....................................................................9

   D. Claims Against Dr. Melendez and Dr. Rogers-Sirin Are Not Barred by Qualified Immunity .............................................................................................12

   E. Plaintiff's State Law Claims Should Proceed ................................................14

      v. Negligence ................................................................................................14

      vi. Negligent Infliction of Emotional Distress .............................................15

      vii. Slander ...................................................................................................16

   F. Amendments to the Complaint .......................................................................16

CONCLUSION .............................................................................................................17

## TABLE OF AUTHORITIES

**Cases**

*AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) ................................................................................................................15

*Altayeb v. Chapdelaine*, No. 3:16-CV-00067 (CSH), 2016 U.S. Dist. LEXIS 173942 (D. Conn. Dec. 16, 2016) ........................................................................5

*Ashcroft v. Iqbal*, 556 US 662,663 (2009) ................................................................5

*Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107 (2d Cir. 2004)..7

*Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564 (1972) ...............................11

*Bell Atl. Corp. v. Twombly*. 550 U.S. 544, 555 (2007) ..........................................4, 5

*Cammarata v. City Univ. of N.Y.*, No. 17-CV-6456 MKB, 2019 WL 3859401 (E.D.N.Y. 2019) ....................................................................................................6

*Clissuras v. City Univ. of New York*, 359 F.3d 79, 83 (2d Cir. 2004) ......................5

*Estate of Perry v. Wenzel*, 872 F.3d 439, 459 (7th Cir. 2017) ................................10

*Farid v. Smith*, 850 F.2d 917, 920-23 (2d Cir. 1988) ...............................................6

*Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) ...........................7

*Heese v. De Matteis Development Corp.*, 417 F. Supp. 864, 1976 U.S. Dist. LEXIS 14107 (S.D.N.Y. 1976) .........................................................................................9

*Hershey v. Goldstein*, 938 F. Supp. 2d 491 (S.D.N.Y. 2013) .................................14

*Idema v. Wager*, 120 F. Supp. 2d 361 (S.D.N.Y. 2000) .........................................15

*Papasan v. Allain*, 478 U.S. 269 (1986) ..................................................................5

*Roth v. Jennings*, 489 F.3d 499,501 (2d Cir. 2007) .................................................4

*Saucier v. Katz*, 533 U.S. 194 (2001) .....................................................................12

*Silberstein v. City of Dayton*, 440 F.3d 306 (2006) ...............................................12

*Tanvir v. Lynch*, 128 F. Supp. 3d 756, 766 (S.D.N.Y. 2015) ...................................6

*West v. Atkins*, 487 U.S. 42, 49 (1988) .................................................................................10

*Wolkstein v. Morgenstern*, 275 A.D.2d 635, 636-37, 713 N.Y.S.2d 171, 172 (App.
    Div. 1st Dept. 2000) ..........................................................................................14

## Statutes

28 U.S.C. §1367 .....................................................................................................13
28 U.S.C. §1367(c)(3) ............................................................................................13
42 U.S.C. § 1983 ............................................................................................. 6, 8, 10

## Rules

Fed. R. Civ. P. 12(b) ................................................................................................4
Fed. R. Civ. P. 15(a)(2) ..........................................................................................15

**NOW COMES** Plaintiff DANIEL SMIGIEL, by and through his attorney, with Plaintiff's Opposition to Defendant's Motion to Dismiss and hereby state the following:

## ARGUMENT

### A.  Standard for Dismissal

When addressing a motion to dismiss a complaint under Fed. R. Civ. P. 12(b), the Court must "accept the complaint's factual allegations, and all reasonable inferences that can be drawn from those allegations in the plaintiff's favor, as true." *Roth v. Jennings*, 489 F.3d 499,501 (2d Cir. 2007). The notice pleading standard of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the. . claim is and the ground upon which it rests." *Bell Atl. Corp. v. Twombly*. 550 U.S. 544, 555 (2007)

In fact, "the pleading of additional evidence, beyond what is required to enable the defendant to respond, is not only unnecessary, but in contravention of proper pleading procedure." *Roth v. Jennings*, 489 F.3d 499 (2nd Cir. 2007). At this stage, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 US 662,663 (2009) (quoting *Twombly*, 550 U.S. at 556).

### B.  Defendants Are Not Entitled to Eleventh Amendment Sovereign Immunity

#### i.  CUNY

Defendants accurately state that Eleventh Amendment sovereign immunity should apply to CUNY as there has been no Eleventh Amendment waiver – should Plaintiff's claims against CUNY been of the legal or equitable nature. Plaintiffs' suits against CUNY are equivalent to suits against the State of New York and are therefore barred by the Eleventh Amendment." *Clissuras v. City Univ. of New York*, 359 F.3d 79, 83 (2d Cir. 2004). This bar exists whether the relief sought is legal or equitable. *Papasan v. Allain*, 478 U.S. 269 (1986). However, §1983 permits individuals to seek **<u>injunctive relief</u>** against state actors in their official capacities. *Altayeb v. Chapdelaine*, No. 3:16-CV-00067 (CSH), 2016 U.S. Dist. LEXIS 173942 (D. Conn. Dec. 16, 2016).

Plaintiff seeks only injunctive relief in relation to Defendant CUNY. Based on the forgoing, Plaintiff's Complaint alleges sufficient conduct to constitute an

actionable §1983 claim for a due process violation against Defendant CUNY, and this Court should allow Plaintiff to proceed to discovery.

### ii. Dr. Melendez and Dr. Rogers-Sirin

"Immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of the state." *Cammarata v. City Univ. of N.Y.*, No. 17-CV-6456 MKB, 2019 WL 3859401 (E.D.N.Y. 2019). "By contrast, officers sued in their personal capacity come to court as individuals" and "thus fit[] comfortably within the statutory term 'person.'" *Tanvir v. Lynch*, 128 F. Supp. 3d 756, 766 (S.D.N.Y. 2015). 42 U.S.C. § 1983 is one "mechanism that may provide for personal capacity damages actions in the constitutional context against federal and state officers". *Id*.

The Eleventh Amendment provides no immunity for state officials sued in their personal capacities. *Farid v. Smith*, 850 F.2d 917, 920-23 (2d Cir. 1988).

Defendant Melendez and Defendant Rogers-Sirin are not entitled to Eleventh Amendment immunity. Based on the forgoing, Plaintiff's Complaint alleges sufficient conduct to constitute an actionable §1983 claim for a due process violation against Defendant Melendez and Defendant Rogers-Sirin, and this Court should allow Plaintiff to proceed to discovery.

### C. The Complaint States a Valid Section 1983 Claim Against Dr. Melendez and Dr. Rogers-Sirin

"In order to establish individual liability under § 1983, a plaintiff must show (a) that the defendant is a 'person' acting 'under the color of state law,' and (b) that the defendant caused the plaintiff to be deprived of a federal right." *Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107 (2d Cir. 2004).

"Personal involvement" for purposes of §1983 may be shown, among other ways, by evidence that the "the defendant participated directly in the alleged constitutional violation"; "the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong"; "the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom"; or "the defendant was grossly negligent in supervising subordinates who committed the wrongful acts." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

Plaintiff's Complaint alleges sufficient conduct to constitute an actionable §1983 claim for a due process violation against Defendant Melendez and Defendant Rogers-Sirin, and this Court should allow Plaintiff to proceed to discovery.

### iii.  Respondent Superior

Plaintiff concedes that pursuant to §1983 the theory of respondent superior is inapplicable.

Plaintiff pleads the theory of respondent superior in relation to Plaintiff's state law claims of negligence, negligent infliction of emotional distress and slander.

### iv. Plaintiff Alleges a Sufficient Allegation of a Violation of His Rights Under the Fourteenth Amendment

Plaintiff provides sufficient notice of the required elements to Plaintiff's due process claim against Defendant Melendez and Defendant Rogers-Sirin.

Plaintiff has a legally protected entitlement. Plaintiff has a contract with CUNY in which Plaintiff promised to pay tuition, in a specific amount, on a certain day of the school year, and in exchange CUNY promised not to provide Plaintiff with constitutional due process when a fair hearing was required. This contract created an entitlement.

#### a) Property Interest

In assessing whether plaintiff states claim for which relief can be granted under 42 USCS § 1983, initial question is whether property interest asserted by plaintiff is one to which he has legitimate claim of entitlement secured by existing

laws, rules, or customs rather than simply abstract need or desire. *Heese v. De Matteis Development Corp.*, 417 F. Supp. 864, 1976 U.S. Dist. LEXIS 14107 (S.D.N.Y. 1976).

Plaintiff has stated a viable property interest in Plaintiff's education. Plaintiff entered into a contract in which Plaintiff agreed to pay a set amount in exchange for the provided education at CUNY. A valid contract was entered into. Plaintiff has paid the provide for tuition, entitling Plaintiff to continued educational instruction from CUNY. Defendants deprived Plaintiff of his viable property interest when Defendant Melendez and Defendant Rogers-Sirin knowingly wrongfully purported Plaintiff with wrongdoing while denying him the fact-finding and hearing process. Further, Defendants denied Plaintiff's request for due process with the actual knowledge that Plaintiff had not been provided with adequate due process.

Defendants' argument that Plaintiff's property interest is unsubstantiated is without merit. Defendant fails to acknowledge the contract Plaintiff entered into CUNY, which was then acted on by both parties for a significant amount of time, equated in semesters.

Based on the foregoing, Plaintiff's Complaint alleges a sufficient property interest in furtherance of an actionable § 1983 claim for a due process violation, and this Court should allow Plaintiff to proceed to discovery.

### b) Liberty Interest

To state a claim under §1983, a plaintiff must allege that a person acting under color of state law deprived him of a federally protected right. 42 U.S.C.§1983. *West v. Atkins*, 487 U.S. 42, 49 (1988). A person right to liberty is guaranteed under Fourteenth Amendment. U.S. Const. Amend. XIV. Plaintiff stated a valid liberty interest in having been precluded from obtaining his education. Plaintiff began his education at CUNY with the intent of completing his degree. Plaintiff was wrongfully deprived of his liberty interest in continuing to pursue his education when Defendants willfully and wrongfully deprived Plaintiff with actual knowledge of the wrong perpetrated. Further, Defendants denied Plaintiff's request for due process with the actual knowledge that Plaintiff had not been provided with adequate due process.

Based on the foregoing, Plaintiff's Complaint alleges a sufficient liberty interest in furtherance of an actionable § 1983 claim for a due process violation, and this Court should allow Plaintiff to proceed to discovery.

### c) Failure of Due Process

"Individual liability pursuant to §1983 requires personal involvement in the alleged constitutional deprivation." *Estate of Perry v. Wenzel*, 872 F.3d 439, 459 (7th Cir. 2017) . Defendant Melendez and Defendant Rogers-Sirin were directly involved in Plaintiff's appeal process. Defendant Melendez and Defendant Rogers-

Sirin had knowledge of the facts and events that occurred, resulting in Plaintiff's appeal. The conclusions of the investigations were based on knowingly misrepresented facts that directly resulted in Plaintiff's due process rights being violated.

The Supreme Court has provided that "where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564 (1972). Plaintiff has the right to a fair hearing, which was not provided to him due to Defendants actions. Impartial adjudicators, outside the influence of Defendants, were not present in effecting Plaintiff's claims.

Based on the foregoing, Plaintiff's complaint alleges sufficient conduct to constitute the failure of Defendant Melendez and Defendant Rogers-Sirin to provide due process to Plaintiff in furtherance of an actionable § 1983 claim for a due process violation, and this Court should allow Plaintiff to proceed to discovery.

**D.     Claims Against Dr. Melendez and Dr. Rogers-Sirin Are Not Barred by Qualified Immunity**

Defendants argue that qualified immunity shields them from personal liability. "Qualified immunity protects government officials performing discretionary functions unless their conduct violates a clearly established statutory

or constitutional right of which a reasonable person in the official's position would have known*." Silberstein v. City of Dayton*, 440 F.3d 306 (2006).

These facts must satisfy two prongs. First, he must show that "based upon the applicable law, the facts viewed in the light most favorable to the plaintiff show that a constitutional violation has occurred." *Saucier v. Katz*, 533 U.S. 194 (2001) Second, Plaintiff must show that "the violation involved a clearly established constitutional right of which a reasonable person would have known." *Saucier*, 533 U.S. at 201.

Plaintiff had a right to due process. Plaintiff was denied access to the fact-finding and hearing process with CUNY as a direct result of Defendant Melendez and Defendant Rogers-Sirin's action. Plaintiff reported a valid threat to the university. Following this report, Defendants viewed the report as being viewed through a lens of bias, which it was not. Defendants knowingly acted on their own bias accusing Plaintiff of violating policy, which was a knowingly false accusation. As a result, Defendants lowered Plaintiff's grades as a result of the alleged policy violation. Plaintiff was denied of the fact-finding and hearing process afforded to students. Plaintiff was harmed, his due process rights were violated all at the hands of Defendants.

Based on the foregoing, Plaintiff's complaint alleges sufficient conduct to constitute the failure of Defendant Melendez and Defendant Rogers-Sirin to provide due process to Plaintiff in furtherance of an actionable § 1983 claim for a due process violation, and this Court should allow Plaintiff to proceed to discovery.

### E. Plaintiff's State Law Claims Should Proceed

Federal courts can only exercise supplemental jurisdiction over state law claims as a result of 28 U.S.C. §1367. A district court "may decline to exercise supplemental jurisdiction" if it has "dismissed all claims over which it has original jurisdiction" 28 U.S.C. §1367(c)(3).

As stated, and supported within this brief, Plaintiff's federal claims brought before the Court should be allowed to proceed negating the determination of supplemental jurisdiction on Plaintiff's state law claims.

### v. Negligence

Negligence claims require that the defendant owed plaintiff a duty of care, that defendant breached that duty, and that the defendants breach was the proximate cause of the plaintiff's injuries. *Hershey v. Goldstein*, 938 F. Supp. 2d

491 (S.D.N.Y. 2013). Defendants owed a duty to Plaintiff to see that he would be educated in a safe manner free from bullying and harassment. Defendant Melendez and Defendant Rogers-Sirin directly perpetrated the bullying and harassment of Plaintiff. Once perpetrated, Defendant's allowed the bullying and harassment to continue without putting a stop to it. Plaintiff was directly affected by the breach of duty which resulted in severe harm.

### vi. Negligent Infliction of Emotional Distress

A cause of action for negligent infliction of emotional distress is to be based on allegations of conduct which is extreme and outrageous in character. *Wolkstein v. Morgenstern*, 275 A.D.2d 635, 636-37, 713 N.Y.S.2d 171, 172 (App. Div. 1st Dept. 2000).

Defendants owed a duty to Plaintiff to see that he would be educated in a safe manner free from bullying and harassment. Defendant Melendez and Defendant Rogers-Sirin directly perpetrated the bullying and harassment of Plaintiff. Once perpetrated, Defendant's allowed the bullying and harassment to continue without putting a stop to it. Defendants conduct was extreme and outrageous. Plaintiff was directly affected by the breach of duty which resulted in severe emotional anguish.

### vii.     Slander

"Defamation is the injury to one's reputation either by written expression, which is libel, or by oral expression, which is slander." *Idema v. Wager*, 120 F. Supp. 2d 361 (S.D.N.Y. 2000).

Defendant Melendez and Defendant Rogers-Sirin made knowingly false public allegations to others that Plaintiff was racist. Defendants were aware of the defamatory nature and the falsehood of that statements when they were made. The statements were made with ill intentions. Plaintiff was directly harmed by the conduct of Defendant Melendez and Defendant Rogers-Sirin.

### F.     Amendments to the Complaint

A Plaintiff may file an amended complaint once as a matter of course, any subsequent amendment requires "the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

A court "should freely give leave when justice so requires." "'Reasons for a proper denial of leave to amend include undue delay, bad faith, futility of amendment, and perhaps most important, the resulting prejudice to the opposing party.'" *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010).

Plaintiff has not yet filed an amended complaint. The filing of an amended complaint, should it be deemed necessary, would be filed in good faith without the intention of delaying adjudication. Rather, to further the clarify of Plaintiff's claims and to further the adjudication of justice.

## CONCLUSION

**WHEREFORE** the Plaintiff requests that the Court deny the Defendants Motion to Dismiss.

Date: June 22, 2022            Respectfully Submitted,

Keith Altman, Esq. (Pro Hac Vice)
Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

DANIEL SMIGIEL,  Case No. 21-CV-06323(MKB)(RML)

                 Plaintiff,

v.

COLLEGE OF STATEN ISLAND
DR. FRANCES MELENDEZ,
And DR. LAUREN ROGERS-SIRIN,
                 Defendants.

## CERTIFICATE OF SERVICE

I certify that on June 22, 2022, I served the foregoing Plaintiff's Opposition to Defendants Motion to Dismiss upon all parties herein by filing copies of same using the ECF System.

                 Respectfully Submitted,

Keith Altman, Esq. (Pro Hac Vice)
Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorneys for Plaintiff*