UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
DANIEL SMIGIEL,                                     :
                                                    :
              Plaintiff,                      :
                                                    :
    -against-                                      :
                                                    :  21-CV-06323 (MKB)(RML)
                                                    :
COLLEGE OF STATEN ISLAND,                           :
DR. FRANCES MELENDEZ,                               :
and DR. LAUREN ROGERS-SIRIN                         :
                                                    :
             Defendants.                     :
                                                    :
------------------------------------------------------X


# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

                                                       LETITIA JAMES
                                                       Attorney General of the
                                                       State of New York
                                                       <u>Attorney for Defendants</u>
                                                       28 Liberty Street
                                                       New York, New York 10005
                                                       Tel: (212) 416-8249




JANE P. ROSALES
Assistant Attorney General
  <u>Of</u> <u>Counsel</u>

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

    I.   CUNY AND THE INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES ARE ENTITLED TO ELEVENTH AMENDMENT IMMUNITY ........................................... 1

        A.   CUNY ........................................................................................................................ 1

        B.   Dr. Melendez and Dr. Rogers-Sirin in Their Official Capacities .................................. 3

    II.   PLAINTIFF'S OPPOSITION CONFIRMS THAT HE HAS FAILED TO STATE A § 1983 CLAIM ................................................................................................................................ 4

    III.   CLAIMS AGAINST DR. MELENDEZ AND DR. ROGERS-SIRIN ARE BARRED BY QUALIFIED IMMUNITY ................................................................................................ 6

    IV.   PLAINTIFF FAILS TO REBUT DEFENDANTS' ARGUMENTS REGARDING STATE LAW CLAIMS ................................................................................................................ 7

        A.   Negligence ................................................................................................................... 8

        B.   Negligent Infliction of Emotional Distress ("NIED") ................................................. 8

        C.   Slander ........................................................................................................................ 9

    V.   THE OPPOSITION CONFIRMS THAT FURTHER AMENDMENT WOULD BE FUTILE ............................................................................................................................. 9

CONCLUSION ............................................................................................................................. 10

## **TABLE OF AUTHORITIES**

Page(s)

**FEDERAL CASES**

*AA by BB v. Hammondsport Central School District*,
   527 F. Supp. 3d 501 (W.D.N.Y. 2021) ...................................................................................9

*Altayeb v. Chapdelaine*,
   16-cv-00067, 2016 WL 7331551 (D. Conn. Dec. 16, 2016) ....................................................2

*Bd. of Curators of the Univ. of Missouri v. Horowitz*,
   435 U.S. 78 (1978), and (2) ................................................................................................ 4-7

*Bd. Of Regents of State Colleges v. Roth*,
   408 U.S. (1972) .......................................................................................................................6

*Brennan v. City of White Plains*,
   67 F. Supp. 2d 362 (S.D.N.Y. 1999) .......................................................................................7

*C.T. v. Valley Stream Union Free Sch. Dist.*,
   201 F. Supp. 3d 307 (E.D.N.Y. 2016) ....................................................................................8

*Chandrapaul v. City of New York*,
   14-civ-790 AMD CLP, 2016 WL 1611468 (E.D.N.Y. April 20, 2016) ...................................6

*Clissuras v. City Univ. of N.Y.*,
   359 F.3d 79 (2d Cir. 2004) .....................................................................................................2

*Cummings v. City of New York*,
   No.19-CV-7723 CM OTW, 2020 WL 882335 (S.D.N.Y. Feb. 2, 2020) .................................9

*Ford v. Reynolds*,
   316 F.3d 351 (2d Cir. 2003) ............................................................................................... 2-3

*Hayden v. Cty. of Nassau*,
   180 F.3d 42 (2d Cir. 1999) .....................................................................................................9

*Marino v. City Univ. of N.Y.*,
   18 F. Supp. 3d 320 (E.D.N.Y. 2014) ......................................................................................2

*Santiago v. New York State Dept. of Corr. Services*,
   945 F.2d 25 (2d Cir. 1991) .....................................................................................................2

*Shollenberger v. N.Y. State Unified Court Sys.*,
   No. 18-CV-9736, 2019 WL 2717211 (S.D.N.Y. June 28, 2019) ............................................3

*Sutton v. Stony Brook University*,
   18-cv-7434 JS ARL, 2020 WL 6532937 (E.D.N.Y. Nov. 4, 2020) .........................................3

*Zinermon v. Burch*,
    494 U.S. 113 (1990)..................................................................................................4

**STATE CASE**

*Pasquaretto v. Long Island University*,
    106 A.D.3d 794 (2nd Dep't 2013) ............................................................................8

**CONSTITUTIONS**

Eleventh Amendment............................................................................................... 1-3, 7

Fourteenth Amendment .................................................................................................2, 5

**FEDERAL STATUTES**

28 U.S.C.
    § 1367(c)(3) ...............................................................................................................7

42 U.S.C.
    § 1983.....................................................................................................................4, 7

**PRELIMINARY STATEMENT**

Plaintiff's Memorandum in Opposition to the Defendants' Motion to Dismiss ("Opposition" or "Pl.'s Opp.") fails to adequately address the serious deficiencies in the Complaint flagged in Defendant's Motion to Dismiss ("Defs.' Mot."). The Opposition does not offer any legal authority to support any of Plaintiff's claims that he suffered a violation of his Constitutional rights when he received an A-minus in Dr. Lauren Rogers-Sirin's class. Instead, Plaintiff mischaracterizes his own Complaint and simply offers more conclusory assertions without any factual or legal support. Given Plaintiff's failure to present any support for his conclusory claims in the Complaint, and the overwhelming indication that further amendment would be futile, Defendants respectfully request that the Court dismiss this action with prejudice.

**ARGUMENT**

I.  **CUNY AND THE INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES ARE ENTITLED TO ELEVENTH AMENDMENT IMMUNITY**

   A. **CUNY**

Plaintiff's Opposition concedes that Eleventh Amendment immunity should apply to CUNY "as there has been no Eleventh Amendment waiver – should Plaintiff's claims against CUNY been of the [sic] legal or equitable nature." Pl.'s Opp. at 6. However, Plaintiff goes on to argue that Eleventh Amendment immunity nevertheless does not apply because, he writes, "Plaintiff seeks only injunctive relief in relation to Defendant CUNY." Pl.'s Opp. at 6. This is a fundamental mischaracterization of the Complaint in this action, which seeks monetary damages for the alleged harm Plaintiff suffered when he received an A-minus in class. The Complaint states that Plaintiff seeks five forms of relief: "(1) [c]ompensatory damages for financial loss, damage to reputation, humiliation, mental anguish, and emotional distress; (2) [p]unitive damages against the Defendants; (3) [a]ttorneys' fees; (4) [c]osts of the suit; and, (5) [s]uch other relief as the Court

1

may deem proper." Compl. (ECF No. 1) at 15. No request for injunctive relief appears anywhere in the Complaint. *See also id.* at ¶ 1 ("This is an action seeking damages for Defendants' violations of Plaintiff Danial Smigiel's rights.").

Further, even if the Complaint had requested injunctive relief from CUNY, that claim would still be barred because neither statutory abrogation nor prospective injunctive relief applies to a direct constitutional claim brought directly against a state entity.[1] Plaintiff mistakenly relies on *Altayeb v. Chapdelaine,* 16-cv-00067, 2016 WL 7331551 (D. Conn. Dec. 16, 2016), to support his position. Pl.'s Opp. at 6. However, *Altayeb* held that a state agency cannot be sued under section § 1983. 2016 WL 7331551, at *2. Eleventh Amendment sovereign immunity applies to CUNY regardless of the relief Plaintiff is seeking. *Clissuras v. City Univ. of N.Y.*, 359 F.3d 79, 83 (2d Cir. 2004). Therefore, all claims brought against CUNY must be dismissed. *See Santiago v. New York State Dept. of Corr. Services*, 945 F.2d 25, 30–32 (2d Cir. 1991) (holding that the Fourteenth Amendment was not an unequivocal expression of congressional intent to abrogate states' immunity and reversing district court's rejection of New York's Eleventh Amendment argument).

Finally, it is unclear what possible prospective injunctive relief Plaintiff could demand. Plaintiff graduated from the College of Staten Island ("CSI") in January 2022 with a Masters of Arts in Mental Health Counseling.[2] He is no longer a student at CSI. Any claim for injunctive relief would therefore be moot. *Ford v. Reynolds,* 316 F.3d 351, 355 (2d Cir. 2003) (holding that

---

[1] As discussed in Defendant's Motion, the College of Staten Island is a senior college, which is considered an "arm[] of the state." Defs.' Mot. at 6 – 7; *Marino v. City Univ. of N.Y.*, 18 F. Supp. 3d 320, 329 (E.D.N.Y. 2014) (*citing Clissuras v. City Univ. of N.Y.*, 359 F.3d 79, 83 (2d Cir. 2004).

[2] At the time the Complaint was filed on November 15, 2021, Plaintiff was still enrolled at CSI as a student. Compl. ¶ 3.

2

plaintiffs' request for an injunction against York College, a senior college of the CUNY system, moot due to plaintiffs' graduation from York College)

### B.  Dr. Melendez and Dr. Rogers-Sirin in Their Official Capacities

Plaintiff argues that Eleventh Amendment does not apply to state officials in their personal capacities and thus claims against Drs. Melendez and Rogers-Sirin must proceed. Pl.'s Opp. at 7. However, the Complaint clearly states that Dr. Melendez and Dr. Rogers-Sirin are being sued in *both* their individual and official capacities. *See* Compl. at 1. As Defendants argue in their motion, Eleventh Amendment protection extends to CUNY officials in their official capacity. Defs.' Mot. at 7; *Ford v. Reynolds,* 316 F.3d 351, 355-56 (2d Cir. 2003). Therefore, claims against Dr. Melendez and Dr. Rogers-Sirin in their official capacities must be dismissed.

To the extent that Plaintiff is arguing that the *Ex parte Young* exception applies, he has failed to plead facts supporting the application of that principle. To invoke *Ex parte Young*, a plaintiff must allege that "the defendant has responsibility for the alleged conduct and the ability to redress the alleged violations." *Shollenberger v. N.Y. State Unified Court Sys.,* No. 18-CV-9736, 2019 WL 2717211, at *5 (S.D.N.Y. June 28, 2019) (*citing CSX Transp., Inc. v. N.Y. State Office of Real Prop. Servs.,* 306 F.3d 87, 99 (2d Cir. 2002)); *see also Sutton v. Stony Brook University*, 18-cv-7434 JS ARL, 2020 WL 6532937 (E.D.N.Y. Nov. 4, 2020) (*Ex parte Young* exception did not apply to individual defendants because Plaintiff did not allege that individual defendants have the responsibility or capacity to provide her with the prospective relief she seeks). Plaintiff does not allege that the individual Defendants have the capacity to provide him with the prospective relief he seeks. Compl. at 15. Therefore, the *Ex parte Young* exception does not apply to Dr. Melendez and Dr. Rogers-Sirin.

3

## II. PLAINTIFF'S OPPOSITION CONFIRMS THAT HE HAS FAILED TO STATE A § 1983 CLAIM

Plaintiff fails to rebut Defendants' argument that he has not plausibly alleged that Defendants violated his rights under 42 U.S.C. § 1983. The Complaint, together with Plaintiff's Opposition, fails to allege a plausible claim that the Defendants violated his due process rights.

As discussed in Defendants' motion, to state a procedural due process claim, Plaintiff must allege that (1) Dr. Rogers-Sirin or Dr. Melendez deprived him of either a "liberty" or "property" interest, *Bd. of Curators of the Univ. of Missouri v. Horowitz*, 435 U.S. 78, 82 (1978), and (2) the process that he was afforded was "constitutionally [in]adequate," *Zinermon v. Burch*, 494 U.S. 113, 126 (1990). Plaintiff's Complaint does not allege any facts that meet this standard.

In their motion, Defendants pointed to several key allegations from Plaintiff's own Complaint that show his § 1983 due process claim must fail. First, Defendants did not dismiss Plaintiff from school or institute any disciplinary proceedings against him—rather, he graduated with a Bachelor of Science degree in January of 2022. Second, while Plaintiff complains that he received an A-minus in Dr. Rogers-Sirin's class when he believed he deserved an A, he concedes that he availed himself of the procedure Defendants offered for challenging that grade. Plaintiff appealed his A-minus to the grade appeal committee, which was staffed by Psychology Department faculty other than Dr. Rogers-Sirin and Dr. Melendez. Compl. ¶ 33. After hearing Plaintiff's appeal, the committee declined to change his grade. Compl. ¶ 32.

Plaintiff has failed to show how receiving an A- in Dr. Rogers-Sirin's class, which he appealed to the grade appeal committee, forms the basis of a procedural due process claim. Instead, Plaintiff's Opposition brief appears to suggest that he has alleged that he was unfairly *deprived of his degree*, which is clearly not the case. Plaintiff argues that he "stated a valid liberty interest in having been precluded from obtaining his education. . . . . Plaintiff began his education at CUNY

4

with the intent of completing his degree. Plaintiff was wrongfully deprived of his liberty interest in continuing to pursue his education when Defendants willfully and wrongfully deprived Plaintiff with actual knowledge of the wrong perpetrated." Pl.'s Opp. at 11. This allegation is unfounded. As Defendants noted in their motion, Plaintiff graduated from CSI in January 2022. Defs.' Mot. at 2, 14.

Next, instead of providing any allegations that might support his claim that the grade appeals process was constitutionally inadequate, Plaintiff points only to vague, conclusory allegations. While the Complaint concedes that the Defendants were not on the grade appeal committee, Compl. ¶ 33, Plaintiff vaguely alleges that Dr. Melendez and Dr. Rogers-Sirin "were directly involved in Plaintiff's appeals process" and that the "conclusions of the investigations were based on knowingly misrepresented facts that directly resulted in Plaintiff's due process rights being violated." Pl.'s Opp. at 11-12. This appears to be a reference to an allegation from the Complaint that "Defendant Melendez had spoken to the committee even though she was uninvolved." Compl. ¶ 33. The mere allegation that a professor spoke to a grade appeal committee clearly does not rise to the level of a constitutionally inadequate process implicating the Fourteenth Amendment.

Nor does Plaintiff explain why he believes a federal court should dictate the procedures of a university grade appeal committee. Plaintiff vaguely claims throughout his Opposition that he has been denied due process, but he does not address Defendants' argument that this is an academic dispute. Pl.'s Opp. at 12. As noted in Defendants' motion, the Supreme Court has made clear that there is no mandatory set of formal procedures required for challenging academic decisions. *See Horowitz*, 435 U.S. at 89-90 (finding that academic challenges require less formalized procedures than disciplinary determinations). Moreover, courts have been clear that there are no mandatory

5

set of formal procedures required for challenging academic decisions. *See Horowitz*, 435 U.S. at 89-90 (finding that academic challenges require less formalized procedures than disciplinary determinations); *see also Chandrapaul v. City of New York*, 14-civ-790 AMD CLP, 2016 WL 1611468 (E.D.N.Y. April 20, 2016) ("plaintiff raised an academic, rather than a disciplinary, dispute" and as a result there is no mandatory set of formal procedures required for challenging the decision not to permit the plaintiff to continue in the nursing program."). Accordingly, Plaintiff's due process claim must be dismissed.³

### III. CLAIMS AGAINST DR. MELENDEZ AND DR. ROGERS-SIRIN ARE BARRED BY QUALIFIED IMMUNITY

Defendants' motion argued that even if Plaintiff has sufficiently plead a section § 1983 claim, which he has not, such a claim would still be barred by qualified immunity. Defs.' Mot. at 12 – 14. Instead of addressing Defendants' qualified immunity argument, Plaintiff again repeats his argument for due process and alleges for the first time that "Defendants knowingly acted on their own bias accusing Plaintiff of violating policy, which was a knowingly false accusation." Pl.'s Opp at 13. The Complaint does not allege that Dr. Rogers-Sirin and Dr. Melendez ever accused Plaintiff of violating policy. Nor does the Opposition state what policy Drs. Rogers-Sirin and Dr. Melendez accused Plaintiff of violating. Pl.'s Opp. at 13.

Regardless, the Opposition fails to address Defendants' argument that qualified immunity applies either when Defendants "did not violate clearly established rights of which a reason person

---

³ Plaintiff erroneously relies *Board of Regents of State Colleges v. Roth* for his assertion that procedural due process is necessary "where a person's good name, reputation, honor or integrity is at stake." *Bd. Of Regents of State Colleges v. Roth*, 408 U.S. at 564, 573 (1972). Unlike the facts of this case, *Board of Regents* involved an assistant professor who was not rehired for an additional academic year. The court held that there was no constitutionally protected property interest in future employment for an employee of a public education institution beyond what is stated in the employment contract. *Id.* By contrast, this is a purely academic dispute about Plaintiff's grade.

would have known," or "it was objectively reasonable to believe that [their] acts did not violate [those] clearly established rights." *Brennan v. City of White Plains*, 67 F. Supp. 2d 362, 375 (S.D.N.Y. 1999) (*citing Young v. County of Fulton*, 160 F.3d 899, 903 (2d Cir. 1998)) (internal citations omitted). As discussed in Defendants' motion, Dr. Rogers-Sirin and Dr. Melendez did not violate any clearly established law, and no reasonable professor in their positions would have understood that their conduct was unlawful. Defs.' Mot. at 12 – 14. On the contrary, the Supreme Court has clearly stated that academic disputes such as this one do not rise to the level of unlawful conduct. *Horowitz*, 435 U.S. at 90, 98 ("We decline to further enlarge the judicial presence in the academic community and thereby risk deterioration of many beneficial aspects of the faculty-student relationship."). Accordingly, even if Plaintiff had stated a § 1983 claim, Defendants are entitled to qualified immunity because their alleged actions did not violate Plaintiff's clearly established constitutional rights.

## IV. PLAINTIFF FAILS TO REBUT DEFENDANTS' ARGUMENTS REGARDING STATE LAW CLAIMS

Because Plaintiff has failed to state a claim for a violation of his constitutional rights, Plaintiff's supplemental state law claims should be dismissed. Defs.' Mot. at 14 – 18. A district court may "decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Even if the Court were inclined to grant supplemental jurisdiction over the state law claims, all of those claims fail on the merits. Two of Plaintiff's state law claims—for breach of contract and negligent hiring and supervision—have been asserted exclusively against CUNY. *See* Compl. ¶¶ 47 – 55, 62 - 70. Those claims fail based on CUNY's immunity from suit in federal court. Plaintiff's opposition fails to provide any response to Defendants' Eleventh Amendment immunity

arguments for dismissal of the state law claims for breach of contract and negligent hiring and supervision against CUNY.

Plaintiff's three remaining state law claims against Dr. Melendez and Dr. Rogers-Sirin must be dismissed for failure to allege the necessary elements of each state law claim. *See Iqbal*, 556 U.S. at 677–79.

### A. Negligence

The Opposition fails to address Defendant's argument that *in loco parentis* does not apply at the college level, and Defendants therefore cannot be held liable for alleged harassment by other students. Pl.'s Opp. at 14-15. Plaintiff merely restates the elements of negligence claims under New York law. Pl.'s Opp. at 14. Plaintiff continues to argue that "Defendants owed a duty to Plaintiff to see that he would be educated in a safe manner free from bullying and harassment." Pl.'s Opp at 15. However, as courts in New York have held, *in loco parentis* does not apply at the college level. *Pasquaretto v. Long Island University,* 106 A.D.3d 794, 795 (2nd Dep't 2013). As such, Plaintiff's negligence claim against Dr. Rogers-Sirin and Dr. Melendez should be dismissed. *See* Defs.' Mot. at 15 – 16.

### B. Negligent Infliction of Emotional Distress ("NIED")

The Opposition ignores Defendants' argument that his NIED claim must be dismissed as duplicative of his negligence claim. In support of his NIED claim, Plaintiff reiterates his claim that Drs. Rogers-Sirin and Melendez owed a duty to Plaintiff to educate him free from bullying and harassment, which are the same allegations underlying his negligence claim. Compl. ¶¶ 56-61, 71-76; Moreover, the Opposition specifically repeats those same allegations in both negligence and NIED sections of the brief. *See* Pl.'s Opp at 14 – 15. Since Plaintiff's claim for NIED is duplicative of his negligence claim, his NIED claim should be dismissed. *C.T. v. Valley Stream Union Free*

*Sch. Dist.*, 201 F. Supp. 3d 307, 327 (E.D.N.Y. 2016); *see also AA by BB v. Hammondsport Central School District,* 527 F. Supp. 3d 501, 510 (W.D.N.Y. 2021). In any event, Plaintiff's allegation that he received an A-minus does not rise to the level of conduct supporting an NIED claim.

### C. Slander

Plaintiff fails to address Defendants' argument that courts in New York have consistently held that terms like "racist" constitute nonactionable opinion. Defs.' Mot. at 17 – 18; *Cummings v. City of New York*, No.19-CV-7723 CM OTW, 2020 WL 882335, at *20 (S.D.N.Y. Feb. 2, 2020). Plaintiff merely repeats the same claims that he was harmed by Defendants' allegation that he was a racist. Pl.'s Opp. at 16. Therefore, Plaintiff's allegation that his professors called him a racist is not actionable as a slander claim.

### V. THE OPPOSITION CONFIRMS THAT FURTHER AMENDMENT WOULD BE FUTILE

As discussed in Defendants' motion, the Court should dismiss Plaintiff's claims against Defendants with prejudice and without an opportunity to re-plead. *See* Def.'s Mot. at 18 – 19. Plaintiff has failed to provide any allegations that establish that the Defendants violated his constitutional rights. Given the chance to clarify his allegations in the Opposition, Plaintiff's brief merely confirmed that there are no allegations Plaintiff could add to an amended pleading that would rehabilitate his deficient claims. Because Plaintiff is "unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." *Hayden v. Cty. of Nassau*, 180 F.3d 42, 53–54 (2d Cir. 1999). Accordingly, the Complaint should be dismissed with prejudice against Defendants.

## **CONCLUSION**

For all the reasons set forth above and those expressed in the Defendants' motion to dismiss, Defendants respectfully request that this Court grant their motion to dismiss all claims asserted against them.

Dated: New York, New York
July 7, 2022

Respectfully submitted,

LETITIA JAMES
Attorney General of the
State of New York
<u>Attorney for Defendants</u>
By:

 <i>/s/ Jane P. Rosales</i>
Jane P. Rosales
Assistant Attorney General
28 Liberty Street
New York, NY 10005
(212) 416 - 8249
