# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

DANIEL SMIGIEL,                                  Case No. 21-CV-06323(MKB)(RML)

                    Plaintiff,

v.

COLLEGE OF STATEN ISLAND
DR. FRANCES MELENDEZ,
And DR. LAUREN ROGERS-SIRIN,
                              Defendants.

---

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

---

Keith Altman, Esq. (*Pro Hac Vice*)
Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorneys for Plaintiff*

Plaintiff requests leave of Court to amend its Complaint pursuant to Fed. R. Civ. P. 15(a)(2).

Plaintiff has not delayed in seeking leave to amend its Complaint in this matter. This Honorable Court issued it's Memorandum and Order regarding dismissal of Plaintiff's Complaint without prejudice on February 21, 2023.

Even if Plaintiff is untimely in seeking leave to amend its Complaint, delay by itself is not a sufficient reason to deny leave to amend the Complaint. Defendant would not suffer substantial prejudice if the Court permitted Plaintiff to amend its Complaint.

Plaintiff's amendment would not be subject to dismissal under Fed. R. Civ. P. 12(b)(6).

WHEREFORE Plaintiff respectfully requests leave to amend the Complaint.

Dated: March 23, 2023                          Respectfully Submitted,

Keith Altman, Esq. (*pro hac vice*)
Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorneys for Plaintiff*

2

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

DANIEL SMIGIEL,                              Case No. 21-CV-06323(MKB)(RML)

                  Plaintiff,

v.

COLLEGE OF STATEN ISLAND
DR. FRANCES MELENDEZ,
And DR. LAUREN ROGERS-SIRIN,
                  Defendants.

---

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO AMEND THE COMPLAINT

---

Keith Altman, Esq. (*Pro Hac Vice*)
Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

I.  BACKGROUND ............................................................................................................... 1

II.  ARGUMENT ..................................................................................................................... 1

III.  CONCLUSION................................................................................................................... 2

## TABLE OF AUTHORITIES

**Cases**

*Foman v. Davis*, 371 U.S. 178 (1962) ........................................................................ 1

*Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000) ...................... 1

*Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998) ....................... 1

*Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 735 (S.D.N.Y. 2011) ..................... 1

**Rules**

Fed. R. Civ. P. 15(a)(2) ................................................................................................ 1

Plaintiff requests leave of Court to amend its Complaint pursuant to Fed. R. Civ. P. 15(a)(2).

A proposed Amended Complaint is attached to this motion. **Exhibit A**.

## I.      BACKGROUND

Plaintiff filed his complaint on November 15, 2021. Following a motion to dismiss, this honorable court issued a ruling on February 21, 2023, dismissing Plaintiff's claims without prejudice.

## II.      ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend the Complaint after a responsive pleading has been filed only by leave of court but instructs that "the court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178 (1962). Generally, amendments are favored because they "tend to facilitate a proper decision on the merits." *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998).

Plaintiff seeks leave to amend its Complaint to cure deficiencies. This honorable court dismissed Plaintiff's claims without prejudice. Plaintiff seeks to file a First Amended Complaint.

The Sixth Circuit has held that "[U]nder Fed. R. Civ. P. 15(a), leave to amend a pleading may only be given when factors such as undue delay or undue prejudice to the opposing party are absent.". *Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 735 (S.D.N.Y. 2011), citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000). However, "mere delay is not, of itself, sufficient to justify denial of a Rule 15(a) motion." *Id.*

1

Plaintiff seeks leave to amend its Complaint. Such amendment merely conforms the Complaint to the evidence. Furthermore, delay prejudice to the Defendants is present.

## III.   CONCLUSION

Plaintiff's Motion for Leave should be granted. Defendants would not suffer prejudice to their defense of the case. The Court should therefore grant leave to amend the Complaint and to file the proposed Amended Complaint.

Dated: March 23, 2023                    Respectfully Submitted,

Keith Altman, Esq. (*pro hac vice*)
Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorneys for Plaintiff*

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL SMIGIEL,<br><br>                *Plaintiff*,<br><br>v.<br><br>COLLEGE OF STATEN ISLAND, through<br>its Board of Trustees;<br>DR. FRANCES MELENDEZ,<br>in her official and individual capacity;<br>and, DR. LAUREN ROGERS-SIRIN,<br>in her official and individual capacity;<br><br>              *Defendants*. | Case No.: 21-cv-6323(CBA)(RML)<br><br>**[PROPOSED] AMENDED COMPLAINT** |

### I.     INTRODUCTION

This is an action arising from Plaintiff being subjected to and enduring harassment by the College of Staten Island, Dr. Frances Melendez and Dr. Lauren Rogers-Sirin as a result of Plaintiff's protected beliefs. Plaintiff is seeking damages for Defendants' violation of 42 U.S.C. §1983, breach of contract, negligent hiring and supervision and negligent infliction of emotional distress.

### II.     PARTIES

1.     Plaintiff Daniel Smigiel ("Plaintiff") is a former student at the CUNY College of Staten Island.

2.     Defendant CUNY College of Staten Island ("CSI") is a public college located in the State of New York.

3.     Defendant Dr. Frances Melendez ("Melendez") was employed by CSI at all times relevant to this litigation as the Director of the Clinical Mental Health Counseling.

4.      Defendant Dr. Lauren Rogers-Sirin ("Rogers-Sirin") was employed by CSI at all times relevant to this litigation as an Associate Professor.

### III.      JURISDICTION & VENUE

5.      This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.

6.      Venue in this action is properly in the Eastern District of New York because the events relevant to this action occurred within the geographical confines of the Eastern District of New York.

### IV.      FACTUAL ALLEGATIONS

7.      Plaintiff was a student at CSI seeking to obtain a bachelors in psychology.

8.      Plaintiff attended CSI with the intention of pursuing a doctorate degree in psychology.

9.      In 2019, Plaintiff was in the cafeteria studying for his classes.

10.      A student of African American decent, on the other end of the cafeteria was creating commotion by singing aloud.

11.      Another student confronted the singing student.

12.      At which time the singing student shouted, "I don't care I'll shoot up this mother f***ing school".

13.      Concerned for his safety and the safety of others, Plaintiff reported the comment to the campus public safety officer.

14.      Later in the day, the CSI safety officer sought out Plaintiff during Plaintiff's scheduled class and asked him to make a written statement of the incident.

15.     Plaintiff complied and provided a written statement.

16.     A second CSI safety officer stopped Plaintiff at the end of the day and thanked Plaintiff for providing a written statement.

17.     Defendant Melendez told Plaintiff that what he did was not racist and was appropriate in the situation.

18.     Defendant Melendez went on to ask Plaintiff if he was a racist to which he provided he was not. Defendant Melendez followed up stating that if he has any unconscious bias it was okay and they will work through it together.

19.     Attempting to follow what he felt was the proper hierarchy of conflict resolution, Plaintiff asked his advisor, Dr. Hunt, to bring this escalating problem to Defendant Melendez's attention.

20.     Defendant Melendez promised Plaintiff that the situation would be handled, but nothing happened.

21.     Plaintiff began taking Defendant Rogers-Sirin's social and cultural foundations class in the fall 2020 semester.

22.     In a Zoom class of Defendant Rogers-Sirin, Plaintiff forgot that he had the camera turned on and laughed at something in his room while one of his peers was speaking.

23.     Due to the nature of the topic discussion of immigration, Plaintiff immediately and profusely apologized to his peer and Defendant Rogers-Sirin.

24.     Defendant Rogers-Sirin advised Plaintiff not to worry about it stated that she had not noticed the occurrence.

25.     A writing assignment was given on the topic of race and discrimination. Students were to provide their honest reaction to the literature.

26.     Plaintiff completed the assignment and was deducted points as a result of Defendant Rogers-Sirin not approving of Plaintiff's position. Defendant Rogers-Sirin provided "you seem cemented in believing that there is no racial disparity or racial injustice in our country. You cannot work with people of color with that belief. I am very concerned that you are not ready for an internship."

27.     Then Defendant Rogers-Sirin accused Plaintiff of "failing to exhibit cultural competence." However, Defendant Rogers-Sirin was unable to objectively define this term nor does the CSI Student Handbook do so.

28.     Plaintiff sought redress from higher up in the psychology department and was awarded points back on the assignment.

29.     Defendant Rogers-Sirin provided to Plaintiff that Plaintiff must not understand the assignment; Plaintiff's honest reaction to the literatures assigned did not purport the same views that Defendant Rogers-Sirin holds. For this, Plaintiff was deducted points.

30.     Defendant Rogers-Sirin admitted to taking Plaintiff's words out of context and stated she will give the points back.

31.     However, the points for the assignment were only returned after Plaintiff sought assistance from the Chair of the Psychology Department, Dr. Dan McCloskey.

32.     Defendant Rogers-Sirin advised Plaintiff that "this book is not about opinions, it is about American history, a history therapists need to know in order to work effectively with people of color. In addition, you are failing to demonstrate to me that you are developing cultural competence. You seem cemented in believing that there is no racial disparity or racial injustice in our country. You cannot work with people of color with that belief. I am very concerned that you

4

are not ready for internship. I suggest we meet with Dr. Melendez and Dr. Hunt (your advisor) to discuss my concerns."

33.     Plaintiff was asked to meet with Defendant Rogers-Sirin, Defendant Melendez, Dr. Hunt and Dr. McCloskey regarding Plaintiff's multicultural competency.

34.     Plaintiff was advised that this was not a disciplinary meeting, but an open conversation regarding Plaintiff's views.

35.     Following the meeting, Plaintiff began completing the "honest" reaction to literature assignments from a liberal viewpoint that matched Defendant Roger-Sirin's views.

36.     Plaintiff was no longer deducted points and was provided with "good job" feedback.

37.     Plaintiff attended Defendant Melendez's supervision class.

38.     Defendant Melendez opened class with "I want to talk about something that happened between two students. How many people think what Dan did was inappropriate?"

39.     Plaintiff was slandered for hours during Defendant Melendez's class. Defendant Melendez failed to put a stop to the slander.

40.     Defendant Melendez stated that "we need to worry about what we say, what we do, how we act and how it's perceived."

41.     Defendant Melendez further stated during class that "just because you have family and friends of color does not mean that we do not hold racial prejudices." Plaintiff viewed this as a direct statement to him.

42.     The topic was allowed to continue for an entire class period, in which Plaintiff was required to sit through.

43.     The class continued passed the scheduled end time.

44.     Plaintiff was horrified and asked to be excused immediately when the class was set to end.

45.     Defendant Melendez allowed Plaintiff to leave the classroom while the remaining students and Defendant Melendez continued the conversation regarding Plaintiff.

46.      Plaintiff was criticized for his conservative views while at CSI.

47.     Plaintiff is not a racist and acted out to secure the safety of the campus when reporting the cafeteria incident to the safety officers.

48.     Instead, Plaintiff continued to feel unwelcome in the CSI program after being branded a racist.

49.     Many times, Plaintiff asked Dr. McCloskey for help with the bullying and harassment. Nothing improved.

50.     This led to a meeting attended by Plaintiff, Dr. McCloskey, Dr. Hunt, Defendant Melendez, and Defendant Rogers-Sirin.

51.     Defendant Melendez acknowledged that Plaintiff had received unfair treatment.

52.     Defendant Rogers-Sirin acknowledged that Plaintiff was unfairly treated.

53.     At the end of the fall semester, Plaintiff had earned a grade of 95 in Defendant Rogers-Sirin's class which, based on her syllabus, amounts to an "A". Plaintiff only received an "A-".

54.     When Plaintiff asked Defendant Rogers-Sirin about why she worsened his grade, she simply stated "participation" although previously she had complimented Plaintiff on his outstanding participation.

55.     Plaintiff appealed to the grade appeal committee to no avail.

56.     The grade appeal committee was staffed by Psychology Department faculty and did not include the defendants.

57.     This committee explained that they had "information about an inappropriate incident that occurred on Zoom."

58.     Defendant Melendez was the only one aware of this situation, it was clear that Defendant Melendez had spoken to the committee even though she was uninvolved.

59.     The committee also mentioned Plaintiff's camera and class participation. All allegations were false.

60.     Plaintiff was asked about absences and whether his camera was turned on in class.

61.     Plaintiff had had only two absences, for which he provided medical notes.

62.     Plaintiff's camera was always on during class.

63.     According to CSI policy, it is unacceptable to punish a student for having their camera turned off.

64.     Plaintiff has been severely emotionally injured by the harassment and bullying experienced at the hands of CSI faculty during his time at CSI.

**Respondeat Superior and Agency**

65.     Under Federal and New York law, an employer may be vicariously liable for an employee's actions when they are acting within the scope of their employment on behalf of the employer.

66.     At all times relevant to this action, all individual Defendants were employed by CSI. Some of their acts and omissions relevant to this litigation were undertaken within the scope of their employment with CSI.

67.     At the time of this Complaint, only the individual Defendants themselves are aware of the exact role that each individual Defendant played in the events that are the subject of the lawsuit. For this reason, only the individual Defendants know at which times each Defendant acted in a manner that exceeded the scope of their duties in their official capacities and at which each Defendant acted in a manner that was within the scope of their duties in their official capacities.


## V.     CAUSES OF ACTION

### COUNT ONE - VIOLATION OF DUE PROCESS UNDER 42 U.S.C. §1983
### (As to Defendant CSI)

68.     Plaintiff incorporates by reference the facts alleged in each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

69.     In violation of §1983, Defendant CSI has deprived Plaintiff of his rights to equal protection and due process under the Fourteenth Amendment in that Defendant willfully treated Plaintiff in a disparate manner because of his protected beliefs that stigmatizes Plaintiff in an educational setting in the judgment of Defendant CSI and its administrators and faculty.

70.     By stigmatizing Plaintiff based on his protected beliefs, in violation of §1983 the Defendant CSI deprived him of his right to equal protection of the laws without any substantial or justified basis treating him in this disparate manner.

71.     In further violation of §1983 Defendant CSI also denied him of the right to due process before deprivation of his contractual right as a student of CSI on the verge of graduation from the program, with significant finances invested in his education, and denied him even the unprejudicial due process of the hearing procedure set out in the CSI Handbook.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)   Enter judgment against Defendant and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants and adjustment of Plaintiff's grade from his official transcript;

(b)   Grant such other and further relief as justice requires.

## COUNT TWO - VIOLATION OF DUE PROCESS UNDER 42 U.S.C. §1983
### (As to Individual Defendants)

72.    Plaintiff incorporates by reference the facts alleged in each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

73.    Plaintiff had a constitutionally protected and clearly established property interest in his continued education at CSU after entering into a contract with CSI.

74.    Plaintiff and Defendant CSI entered into a contract by which CSI offered admission to Plaintiff to receive his degree in exchange for Plaintiff's paid tuition.

75.    Plaintiff accepted Defendant's offer and attended CSI as a student.

76.    There was a mutual exchange of consideration for which Plaintiff attended CSI involving payments and expenditure of time as well as CSI making its service including educational opportunities available to Plaintiff.

77.    Plaintiff had a constitutionally protected and clearly established liberty interest. "The Due Process Clause… forbids arbitrary deprivations of liberty. Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, the minimal requirements of the Clause must be satisfied." Goss v. Lopez, 419 U.S. 565, 574 (1975) (internal citation and quotations omitted). The discipline from CSI was detrimental to Plaintiff's good name and reputation for his future academic and professional career.

78.     In violation of §1983, Defendant CSI has deprived Plaintiff of his constitutionally protected interests when they denied him any sort of fact-finding or hearing on the part of Defendants. Plaintiff was not allowed to challenge the allegations against him.

79.      By stigmatizing Plaintiff and those like him with his views, in violation of §1983 the Defendant CSI deprived him of his right to equal protection of the laws without any substantial or justified basis treating him in this disparate manner.

80.      In further violation of §1983 Defendant CSI also denied him of the right to due process before deprivation of his contractual right as a student of CSI on the verge of graduation from the program, with significant finances invested in his education, and denied him even the due process of the hearing procedure set out in the Student Handbook.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)   Enter judgment against Defendants and in favor of Plaintiffs for actual damages for financial loss, damage to reputation, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)   Enter judgment against Defendants and in favor of each Plaintiff for an injunction prohibiting the Defendants' wrongful actions and a fair investigation into Defendants and appropriate discipline of each of the individual Defendants;

(c)   Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)   Grant such other and further relief as justice requires.

## COUNT THREE – BREACH OF CONTRACT
### (Against Defendant CSI)

81.     Plaintiff incorporates by reference the facts alleged in each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

82.     Plaintiff and Defendant CSI entered into a contract by which CSI offered admission to Plaintiff on specific terms.

83.     Plaintiff accepted Defendant's offer and attended CSI as a student.

84.     There was a mutual exchange of consideration for which Plaintiff attended CSI involving payments and expenditure of time as well as CSI making its services including educational opportunities available to Plaintiff.

85.     Part of the contract included the existence of policies set forth by Defendant CSI. Within these policies was language specific to the use of cameras during Zoom classes.

86.     According to this policy language, a student cannot be punished if a camera is turned off during a class.

87.     In Plaintiff's case, after being falsely accused of having his camera turned off during classes, was penalized with a lower grade than his score would otherwise been.

88.     Defendant CSI violated its obligations under its own handbook policies.

89.     Defendant CSI breached their policy and procedures when it failed to provide Plaintiff with due process.

90.     As a direct and proximate result of Defendant CSI's actions, Plaintiff was disciplined by CSI and has sustained and continues to sustain injuries and damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)     Enter judgment against Defendants and in favor of Plaintiffs for actual damages for financial loss, damage to reputation, humiliation, mental anguish, and

emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)    Enter judgment against Defendants and in favor of each Plaintiff for an injunction prohibiting the Defendants' wrongful actions and a fair investigation into Defendants and appropriate discipline of each of the individual Defendants;

(c)    Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)    Grant such other and further relief as justice requires.

## COUNT FOUR - NEGLIGENCE
### (Against All Defendants)

91.    Plaintiff incorporates by reference the facts alleged in each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

92.    Defendants Melendez and Rogers-Sirin were negligent in performing their duty of reasonable care and failed, neglected and/or refused to discharge their duty properly and fully by, among other things:

a)    Failure to follow conduct policy and procedures;

b)    Failure to follow policy and procedures in grievance procedure;

c)    Failure to follow policy and procedures in discipline procedure.

93.    Defendant CSI was negligent in performing its duty of reasonable care and failed, neglected and/or refused to discharge its duty properly and fully by, among other things:

a)    Failing to ensure that Plaintiff's contractual educational services were being provided as per the terms of the contract;

b)    Failing to protect Plaintiff from harassment at the hands of CSI employees;

12

    c)   Failing to assist Plaintiff after being informed of the individual Defendant's negligence.

94.      By their negligent conduct, Defendants directly and proximately caused Plaintiff financial harm. Plaintiff is confronted with an inability to successfully obtain his contracted education free of discrimination, practice in his chosen profession, obtain the income of a therapist and to pay his mounting student loan debts. Plaintiff has suffered direct and financial losses due to Defendants' conduct.

95.      Plaintiff incorporates by reference every preceding allegation as if specifically set forth herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)    Enter judgment against Defendants and in favor of Plaintiffs for actual damages for financial loss, damage to reputation, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)    Enter judgment against Defendants and in favor of each Plaintiff for an injunction prohibiting the Defendants' wrongful actions and a fair investigation into Defendants and appropriate discipline of each of the individual Defendants;

(c)    Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)    Grant such other and further relief as justice requires.

13

## COUNT FIVE – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Against all Defendants)

96.     Plaintiff incorporates by reference the facts alleged in each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

97.     When Plaintiff was attending CSI, Defendant owed Plaintiff a duty of care.

98.     As a college and it's employees, Defendants owed a duty to Plaintiff to see that he was educated in a safe manner free of bullying and harassment.

99.     Defendants' actions caused Plaintiff emotional distress, worrying about his future academic, professional career and financial future.

100.    Defendants conduct was outrageous and malicious with known consequences.

101.    Defendants' actions violated CSI policies and procedures.

102.    Defendants' actions proximately caused Plaintiff's injuries.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)    Enter judgment against Defendants and in favor of Plaintiffs for actual damages for financial loss, damage to reputation, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)    Enter judgment against Defendants and in favor of each Plaintiff for an injunction prohibiting the Defendants' wrongful actions and a fair investigation into Defendants and appropriate discipline of each of the individual Defendants;

(c)    Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)    Grant such other and further relief as justice requires.

## <u>JURY TRIAL DEMANDED</u>

Plaintiff hereby demands a trial by jury on all issues stated in this action.

Dated: March 23, 2023

Respectfully Submitted,

Keith Altman, Esq. (*pro hac vice*)
Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorneys for Plaintiff*

15