UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
DANIEL SMIGIEL,　　　　　　　　　　　　　：
　　　　　　　　　　　　　　　　　　　　　：
　　　　　　　　Plaintiff,　　　　　　　　　：
　　　　　　　　　　　　　　　　　　　　　：
　　　　-against-　　　　　　　　　　　　　：
　　　　　　　　　　　　　　　　　　　　　：　　21-CV-06323 (CBA)(RML)
　　　　　　　　　　　　　　　　　　　　　：
COLLEGE OF STATEN ISLAND,　　　　　　　：
DR. FRANCES MELENDEZ,　　　　　　　　　：
and DR. LAUREN ROGERS-SIRIN　　　　　　：
　　　　　　　　　　　　　　　　　　　　　：
　　　　　　　　Defendants.　　　　　　　　：
　　　　　　　　　　　　　　　　　　　　　：
--------------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

　　　　　　　　　　　　　　　　　　　　　　LETITIA JAMES
　　　　　　　　　　　　　　　　　　　　　　Attorney General of the
　　　　　　　　　　　　　　　　　　　　　　State of New York
　　　　　　　　　　　　　　　　　　　　　　<u>Attorney for Defendants</u>
　　　　　　　　　　　　　　　　　　　　　　28 Liberty Street
　　　　　　　　　　　　　　　　　　　　　　New York, New York 10005
　　　　　　　　　　　　　　　　　　　　　　Tel: (212) 416-8249

JANE P. ROSALES
Assistant Attorney General
　<u>Of</u> <u>Counsel</u>

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... i
BACKGROUND ...................................................................................................................... 1
ARGUMENT ............................................................................................................................ 2
   I.    PLAINTIFF'S FEDERAL CLAIMS WERE ADJUDICATED ON THE MERITS ......... 2
   II.   PLAINTIFF'S PROPOSED AMENDED COMPLAINT FAILS TO REHABILITATE ANY OF THE DEFICIENT CLAIMS THAT THE COURT DISMISSED .............................. 3
CONCLUSION ......................................................................................................................... 5

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Alliance for Environmental Renewal, Inc. v. Pyramid Crossgates Co.*,
   436 F.3d 82 (2d Cir. 2006)..................................................................................2

*Jordan v. Chase Manhattan Bank*,
   91 F. Supp. 3d 491 (S.D.N.Y. 2015)....................................................................3

*Hayden v. Cty. of Nassau*,
   180 F.3d 42 (2d Cir. 1999)...................................................................................5

*McLean v. US*,
   566 F.3d 391 (4th Cir. 2009) ...............................................................................3

*Teltronics Services, Inc. v. LM Ericsson Telecommunications, Inc.*,
   642 F.2d 31 (2d Cir. 1981)...................................................................................2

**CONSTITUTIONS**

Eleventh Amendment.............................................................................................1, 3

Fourteenth Amendment .............................................................................................1

**FEDERAL STATUTES**

42 U.S.C.§ 1983........................................................................................................1

**RULES**

Federal Rule of Civil Procedure 12(b)(1) ................................................................1

Rule 12(b)(6)......................................................................................................... 1-3

Rule 15(a)..................................................................................................................3

Rule 19 .....................................................................................................................2

Rule 41(b) .................................................................................................................2

Defendants the College of Staten Island ("CSI")/City University of New York ("CUNY"), Dr. Lauren Rogers-Sirin, and Dr. Frances Melendez (collectively "Defendants") by their attorney, Letitia James, Attorney General for the State of New York, respectfully submit this Memorandum of Law in Support of their Opposition to Plaintiff's Motion for Leave to Amend the Complaint.

## BACKGROUND

Plaintiff Daniel Smigiel, a former student at CSI, brought this 42 U.S.C. § 1983 action against Defendants claiming that he is entitled to monetary relief for alleged violations of his Fourteenth Amendment right to due process. The November 15, 2021 Complaint consists of two main allegations. First, Plaintiff alleges that he was branded as a racist and as a result has been bullied and harassed by his peers and faculty at CSI. Complaint (ECF No. 1) ¶¶ 2-3, 12. Second, Plaintiff alleges that Defendants deprived him of due process when Defendants refused to change his grade from an A- to an A. The Complaint also contained multiple state law claims against Defendants. Plaintiff alleged breach of contract, negligence, negligent hiring and supervision, and negligent infliction of emotional distress against CUNY, as well as negligence and slander against Dr. Melendez and Dr. Rogers-Sirin.

On May 9, 2022, Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and pursuant to Rule 12(b)(6) for failure to state a claim. The motion was fully briefed and filed on ECF on July 7, 2022. ECF Nos. 20-23.

On February 21, 2023, the Court granted Defendants' Motion to Dismiss in its entirety. ECF No. 25. In its Memorandum and Order, the Court found that all claims against CSI/CUNY and Drs. Rogers-Sirin and Melendez, in their official capacities, were barred by Eleventh Amendment immunity. The Court also dismissed all claims against Drs. Rogers-Sirin and

1

Melendez in their individual capacities as Plaintiff failed to state a procedural or substantive due process claim. ECF No. 25 at 6. Lastly, the Court decided not to retain supplemental jurisdiction over Plaintiff's remaining state law claims and dismissed them, specifically noting that the dismissal was *without prejudice*. ECF No. 25 at 14. On February 22, 2023, the Clerk of the Court entered judgment. ECF No. 26.

On March 23, 2023, Plaintiff requested a pre-motion conference regarding Plaintiff's Motion for Leave to Amend the Complaint. ECF No. 27. A pre-motion conference was held before the Court on April 3, 2023. Plaintiff's Motion for Leave to Amend the Complaint and proposed Amended Complaint were deemed filed on April 3, 2023. ECF No. 27.

## ARGUMENT

I.    **PLAINTIFF'S FEDERAL CLAIMS WERE ADJUDICATED ON THE MERITS**

In his Motion for Leave to Amend the Complaint, Plaintiff argues that the Court dismissed all of Plaintiff's claims *without prejudice*. ECF No. 27-1 at 1. Plaintiff is mistaken. In its February 21, 2023 Memorandum and Order, the Court dismissed *only* Plaintiff's state law claims without prejudice. *See* ECF No. 25 at 14. As to all other claims, the Court did not specify that Plaintiff's claims were dismissed without prejudice.

Pursuant to Rule 41(b), "unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule —except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." *See* Fed. R. Civ. P. 41(b). *See also Alliance for Environmental Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 89, n.6 (2d Cir. 2006) ("[A] typical dismissal under Rule 12(b)(6), i.e., for failure to state a claim, is an adjudication on the merits with preclusive effect")*; Teltronics Services, Inc. v. LM Ericsson Telecommunications, Inc.,* 642 F.2d 31, 34 (2d Cir. 1981) ("[J]udgments under

2

Rule 12(b)(6) are on the merits, with res judicata effects.") (internal quotation marks omitted); *see also McLean v. US*, 566 F.3d 391, 396 (4th Cir. 2009). The Court already dismissed Plaintiff's same claims pursuant to Rule 12(b)(6). Plaintiff should therefore not be allowed to re-plead his claims when they have already been adjudicated on the merits.

**II.  PLAINTIFF'S PROPOSED AMENDED COMPLAINT FAILS TO REHABILITATE ANY OF THE DEFICIENT CLAIMS THAT THE COURT DISMISSED**

Even if Plaintiff's federal claims were dismissed without prejudice, Plaintiff's proposed Amended Complaint fails to cure any of the deficiencies the Court identified in its Memorandum and Order. *See* ECF No. 27-1 (Exhibit A).

Rule 15(a) provides that leave to amend should be freely granted when justice so requires. *See* Fed. R. Civ. P. 15(a). However, where "the problems with a claim are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to replead would be 'futile' and 'should be denied.'" *Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 510 (S.D.N.Y. 2015) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Similarly, "if a revised claim still 'could not withstand a motion to dismiss pursuant to Rule 12(b)(6),'" leave to amend should be denied. *See Jordan*, 91 F. Supp. 3d at 510 (quoting *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)).

In light of the foregoing principles and Plaintiff's proposed Amended Complaint, Plaintiff should not be permitted to file an amended complaint re-pleading his claims against the Defendants for two reasons. First, the Court has already ruled that Plaintiff's federal claims against CSI/CUNY are barred by the Eleventh Amendment. ECF No. 25 at 5-6. Yet, Plaintiff's Amended Complaint does not address this jurisdictional issue and alleges the exact same claims against CSI/CUNY. ECF No. 27-1 at 8.

3

Second, Plaintiff's proposed Amended Complaint essentially re-pleads the same facts found in the Complaint against the individual defendants. ECF No. 27-1 at 9-10. In its Memorandum and Order, the Court held that Plaintiff failed to state a procedural or substantive due process claim against Dr. Rogers-Sirin and Dr. Melendez. ECF No. 25 at 7-12. As the Court noted, "no allegations in the Complaint refer to any disciplinary proceedings against Plaintiff, dismissals from school, or suggestions that he was deprived of educational opportunities other than the claim that he was not awarded an A grade to which he was entitled." ECF No. 25 at 7-8. Thus, the Court concluded that Plaintiff had not sufficiently alleged a deprivation of a cognizable liberty or property interest. *Id.* Plaintiff's proposed Amended Complaint does not contain any new allegations that he was deprived of any educational opportunities based on Defendants' actions. ECF No. 27-1 at 2-7. Instead, the proposed Amended Complaint includes more details regarding the same incidents mentioned in the Complaint. ECF No. 27-1 at 2–7. Because there is no allegation in the proposed Amended Complaint that Plaintiff was "ever suspended, expelled, or otherwise excluded from obtaining his education[,]" Plaintiff has again failed to allege the deprivation of a cognizable liberty or property interest. ECF No. 25 at 9.

The proposed Amended Complaint also fails to address how Plaintiff was denied due process. As noted in the Court's Memorandum and Order, Plaintiff "was given a full and fair opportunity to be heard before impartial adjudicators." ECF No. 25 at 10 citing *Marino v. City Univ. of N.Y.*, 18 F. Supp. 3d 320, 338 (E.D.N.Y. 2014). The proposed Amended Complaint does not contain any new allegations that he did not receive such an opportunity.

Furthermore, this Court held that, "[a]lthough Plaintiff may have reasonably felt uncomfortable with the Individual Defendants' treatment of him or believed that they could have done more to end harassment by other students, their conduct does not implicate the safeguards of

4

substantive due process." ECF No. 25 at 12-13. Once again, the proposed Amended Complaint alleges the same conduct by Drs. Rogers-Sirin and Melendez that this Court found insufficient to state a substantive due process claim. ECF No. 27-1 at 3-6.

Because Plaintiff is "unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." *Hayden v. Cty. of Nassau,* 180 F.3d 42, 53–54 (2d Cir. 1999). Therefore, the Defendants respectfully request that Plaintiff's Motion for Leave to Amend the Complaint be denied.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Court deny Plaintiff's Motion for Leave to Amend the Complaint.

Dated: New York, New York
April 24, 2023

                                                Respectfully submitted,

                                                LETITIA JAMES
                                                Attorney General of the
                                                State of New York
                                                *Attorney for Defendants*
                                                By:

                                                */s/ Jane P. Rosales*
                                                Jane P. Rosales
                                                Assistant Attorney General
                                                28 Liberty Street
                                                New York, NY 10005
                                                (212) 416 - 8249