UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DANIEL SMIGIEL,

        Plaintiff,

-against-

COLLEGE OF STATEN ISLAND, DR.
FRANCES MELENDEZ, and DR. LAUREN
ROGERS-SIRIN,

        Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
21-cv-6323 (CBA) (RML)

**AMON, United States District Judge:**

    Plaintiff Daniel Smigiel ("Smigiel" or "Plaintiff") brings a motion to amend his Complaint, which I dismissed in its entirety on February 21, 2023. (ECF Docket Entry ("D.E.") # 25 ("Memorandum and Order").)[1] Defendants in this action are the College of Staten Island ("CSI") and two individuals being sued in their personal and official capacities: Dr. Frances Melendez ("Melendez") and Dr. Lauren Rogers-Sirin ("Rogers-Sirin," together with Melendez, the "Individual Defendants," and collectively with CSI, "Defendants"). Defendants oppose Plaintiff's motion on the grounds that my Memorandum and Order dismissed the majority of Plaintiff's claims with prejudice and that Plaintiff's proposed amendments do not cure the deficiencies of his original Complaint.[2] Because Plaintiff's Proposed Amended Complaint fails to cure any of the defects in his original pleading, Plaintiff's motion seeking leave to amend is DENIED.

---

[1] I presume familiarity with my February 2023 Memorandum and Order for the purposes of this opinion.

[2] Defendants are correct that I dismissed certain of Plaintiff's claims with prejudice, namely, the procedural due process and substantive due process claims brought against the Individual Defendants in their individual capacities. (Memorandum and Order 11, 13.) I address the futility of these claims herein for the sake of completeness and reach the same result: that leave to amend is denied. Plaintiff's claims decided on sovereign immunity grounds were dismissed for lack of subject matter jurisdiction and dismissal was thus without prejudice. J. J. Cranston Constr. Corp. v. City of New York, 602 F. Supp. 3d 373, 379 & n.9 (E.D.N.Y. 2022) ("Dismissal for lack of subject matter jurisdiction must be without prejudice."). Dismissal of Plaintiff's state-law claims was also without prejudice. (Memorandum & Order 14.)

1

## BACKGROUND

On November 15, 2021, Plaintiff—a former CSI student who graduated with a Bachelor of Science degree in Psychology and then pursued a Master of Arts in Mental Health Counseling at CSI—filed his original complaint. (D.E. # 1 ("Complaint" or "Compl.") ¶ 10.) The thrust of Plaintiff's Complaint is that he was branded a racist after he reported a Black student for threatening to "shoot up" CSI, that he was harassed by staff and his fellow students as a result, and that he received an A- rather than an A in one of his classes despite having earned enough points to receive an A. Defendants filed their motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) on July 7, 2022. I granted Defendants' motion on both grounds on February 21, 2023. I first held that CSI and the Individual Defendants (to the extent they were being sued in their official capacities) were entitled to sovereign immunity under the Eleventh Amendment. (Memorandum and Order 5-6.) I next held that Plaintiff had failed to state a constitutional due process claim for either procedural or substantive due process violations because Plaintiff had not alleged any deprivation of a protected interest, there were insufficient allegations to show a constitutionally inadequate process, and Plaintiff failed to overcome the deference given to academic institutions for the purposes of his substantive due process claim. (Id. 6-13.) In the absence of any viable federal causes of action, I also dismissed Plaintiff's state-law claims without prejudice. (Id. 14.)

### I. Summary of the Complaint and Proposed Amendments

Familiarity with the facts alleged in Plaintiff's original Complaint is presumed and so I do not recount them in detail here. In brief, Plaintiff's original Complaint alleges that while at CSI, he was bullied and harassed by his peers and faculty members after he reported a Black student

2

for "threaten[ing] to shoot up the school." (Compl. ¶¶ 11-12.) He alleges that he was "branded as racist" as a result. (Id. ¶¶ 12-13.) Plaintiff felt unwelcome at CSI, and members of the faculty, including Melendez, searched Plaintiff's social media profiles with the "intent . . . to find material to kick Plaintiff out of the CSI program." (Id. ¶ 15.) Plaintiff's Complaint, in addition to alleging a general failure to "create a safe environment" at CSI (id.), points to certain more concrete instances of Defendants' alleged shortcomings: first, that following a fall 2020 Zoom class in which Plaintiff "laughed at something in his room while one of his peers was talking" (id. ¶ 16), Plaintiff was "attack[ed]" by students in a separate class "for over an hour" (id. ¶¶ 17-19, 23); second, that Rogers-Sirin deducted twenty points from an assignment Plaintiff submitted "for a sentence she had taken out of context and branded racist" but that the points were later returned (id. ¶ 25); third, that Rogers-Sirin allegedly accused Plaintiff of "failing to exhibit cultural competence," but she was "unable to objectively define" the term (id. ¶ 27); and fourth, that at the end of the semester, Plaintiff earned a grade of 95 in Rogers-Sirin's class, which, "based on her syllabus, amounts to an 'A'" (id. ¶ 30), but that Plaintiff instead received an A-. (Id.) Plaintiff appealed to the Psychology Department grade appeal committee to no avail. (Id. ¶ 32.)

Plaintiff's proposed Amended Complaint (D.E. # 27-1 ("PAC")) is based on the same conceptual core as his original Complaint but provides certain additional factual details. For example, Plaintiff elaborates on the incident in which he reported a "student of African American de[s]cent" for threatening to "shoot up this mother f***ing school," noting that the student "was creating commotion." (PAC ¶¶ 10-12.) In describing the incident during which Plaintiff laughed during a fall 2020 Zoom class, Plaintiff adds the detail that the class had been discussing the topic of immigration. (Id. ¶ 23.) Regarding the incident wherein Rogers-Sirin allegedly deducted and subsequently re-added twenty points from an assignment, Plaintiff notes that he was instructed to

3

provide an "honest reaction to the literatures assigned" and that only once Plaintiff re-did the assignment "from a liberal viewpoint" did he receive the deducted points and positive feedback. (Id. ¶¶ 25-29, 35-36.) Plaintiff makes the further allegation that he was "criticized for his conservative views while at CSI." (Id. ¶ 46.)

Plaintiff also makes certain changes to the legal framing of his claims. He now brings two separate counts alleging due process violations under Section 1983, the first against CSI and the second against the individual defendants. (Id. ¶¶ 68-80.) He adds to these two counts certain allegations regarding "stigma" he faced (id. ¶¶ 69-71, 79-80), references alleged equal protection violations (though he does not expressly plead an equal protection claim) (id.), and adds requests for injunctive relief "prohibiting the Defendants' wrongful actions," and mandating "a fair investigation into Defendants and appropriate discipline of each of the individual Defendants and adjustment of Plaintiff's grade from his official transcript." (Id.) Plaintiff no longer brings state-law claims for negligent hiring or slander.

### STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint should be freely given, but "it is within the sound discretion of the district court to grant or deny leave to amend." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007); see also Lucente v. Int'l Bus. Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002) ("Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend."). Leave to amend should be denied where proposed amendments are futile. In re WorldCom, Inc. Sec. Litig., 303 F. Supp. 2d 385, 390 (S.D.N.Y. 2004). An amendment is considered futile if the amended complaint would not survive a motion to dismiss for failure to state a claim. Id. A claim will also be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) if the court lacks

4

the statutory or constitutional power to hear it. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

## DISCUSSION

Plaintiff's proposed amendments do nothing to change the conclusions I reached in my first Memorandum and Order. Plaintiff argues in his motion seeking leave to amend that his amendment "would not be subject to dismissal" under Rule 12(b)(6) (D.E. # 27-1 at 2), but he fails to make any substantive argument supporting this position. To the contrary, Plaintiff's amendments do nothing more than provide additional factual details that fail to cure the Complaint's legal deficiencies. I discuss each of the bases for dismissal in my earlier Memorandum and Order and, in turn, the reasons that Plaintiff's proposed amendments do not cure these deficiencies.

### II. Sovereign Immunity

The Eleventh Amendment bars federal court actions against the states, absent their consent or congressional abrogation of such sovereign immunity. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984). New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. See Bryan v. City Univ. of N.Y., No. 20-cv-1627 (CM), 2020 WL 1434708, at *1 (S.D.N.Y. Mar. 23, 2020). I granted Plaintiff's Rule 12(b)(1) motion as to CSI/CUNY and as to Melendez and Rogers-Sirin in their official capacities on the grounds that Defendants retained sovereign immunity under the Eleventh Amendment as arms of the state. (Memorandum and Order 5-6.)

The only amendment Plaintiff makes relevant to the sovereign immunity analysis is his addition of a request for injunctive relief against CSI and the Individual Defendants. (PAC ¶¶ 71;

5

80.) This amendment changes nothing with respect to CSI because claims for injunctive relief against CSI—an arm of the state—are still barred by the Eleventh Amendment. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) ("[The Eleventh Amendment] jurisdictional bar applies regardless of the nature of the relief sought."); see also Marino v. City Univ. of N.Y., 18 F. Supp. 3d 320, 329 (E.D.N.Y. 2014) (dismissing direct constitutional claims for injunctive relief against CUNY as an "arm[] of the state" under the Eleventh Amendment because "neither of the [] exceptions—statutory abrogation or prospective injunctive relief from a state official—applies to a direct constitutional claim brought directly against a state entity").

The analysis is slightly different for the Individual Defendants because, under the doctrine established by the Supreme Court's decision in Ex parte Young, 209 U.S. 123 (1908) "a plaintiff may sue a state official acting in [their] official capacity—notwithstanding the Eleventh Amendment—for prospective, injunctive relief from violations of federal law." City of Shelton v. Hughes, 578 F. App'x 53, 55 (2d Cir. 2014). To determine whether a plaintiff has successfully averted the Eleventh Amendment bar to suit, "a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Id. (quoting Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland, 535 U.S. 635, 645 (2002)). Plaintiff has failed to allege an ongoing violation of federal law and so the Individual Defendants retain their sovereign immunity. See Section III supra. Moreover, as discussed in further detail below, even if the Ex parte Young exception applied, Plaintiff has still failed to allege any deprivation of his constitutional rights and so the claims against the Individual Defendants in both their individual and official capacities would not survive a motion under Rule 12(b)(6), making Plaintiff's amendments futile.

6

### III. Section 1983 Fourteenth Amendment Claim Against the Individual Defendants

Plaintiff's PAC fails to state a constitutional due process claim under procedural or substantive due process and, to the extent Plaintiff attempts to add an equal protection cause of action, that amendment is also futile.

#### A. Procedural Due Process

To establish a violation of procedural due process, Plaintiff must show both a constitutionally protected liberty or property interest of which he has been deprived, and that the procedures followed by the State were constitutionally insufficient. Oneida Indian Nation of N.Y. v. Madison County, 665 F.3d 408, 427-28 (2d Cir. 2011). In my Memorandum and Order, I held that Plaintiff had not alleged a deprivation of a protected liberty or property interest because "no allegations in the Complaint refer to any disciplinary proceedings against Plaintiff, dismissals from school, or suggestions that he was deprived of educational opportunities other than the claim that he was not awarded an A grade to which he was entitled." (Memorandum and Order 7-8.) I held that any "stigma plus" claim Plaintiff may have hoped to bring also failed because Plaintiff had not alleged the "plus"—namely, any adverse action that restricted his liberty. (Id. 8-9.) Plaintiff's proposed amendments—that Defendants "stigmatiz[ed] Plaintiff in an educational setting" and "stigmatiz[ed] Plaintiff based on his protected beliefs" (PAC ¶¶ 69-70, 79)—fail to alter the conclusions I reached in my Memorandum and Order.

Similarly, Plaintiff still fails to allege facts showing constitutionally inadequate process sufficient to survive a motion to dismiss. (Memorandum and Order 9-11.) Indeed, Plaintiff's PAC still reflects that he "was given a full and fair opportunity to be heard before impartial adjudicators," Marino, 18 F. Supp. 3d at 338. Plaintiff appealed the allegedly erroneous grading

7

decision to CSI's grade appeal committee, even if the outcome was not to his liking. (PAC ¶¶ 55-64.) Plaintiff's proposed amendments to his procedural due process claim are, therefore, futile.

### B. Substantive Due Process

The thrust of Plaintiff's substantive due process claim remains that he was denied the grade to which he was entitled by the Individual Defendants, who were prejudiced against him because he reported another student. (See, e.g., Compl. ¶¶ 11, 14-15, 23, 25, 27, 29, 30-31; PAC ¶¶ 9-13, 20, 53-55.) I held in my Memorandum and Order that, affording Defendants the appropriate deference, the alleged lowering of Plaintiff's grade from an A to an A- did not rise to the level of a constitutional harm, nor did Defendants' alleged failure to step in to stop the bullying Plaintiff was facing from other students after being branded a racist. (Memorandum and Order 11-13.) None of Plaintiff's amendments address these deficiencies and thus they are similarly futile.

### C. Equal Protection

Plaintiff does not bring a separate equal protection claim against the Individual Defendants and instead includes certain allegations sounding in equal protection in Counts One and Two. (PAC ¶ 79 ("By stigmatizing Plaintiff and those like him with his views, in violation of §1983 the Defendant CSI deprived him of his right to equal protection of the laws without any substantial or justified basis treating him in this disparate manner.").) Solely for the sake of completeness, I further hold that any proposed amendment purporting to assert an equal protection claim is futile because it would not survive a Rule 12(b)(6) motion. To state an equal-protection claim, Plaintiff must allege "adverse treatment of individuals compared with other similarly situated individuals [and that] such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." Miner v. Clinton Cnty., 541 F.3d 464, 474 (2d Cir. 2008) (alteration in

8

original) (quoting Bizzarro v. Miranda, 394 F.3d 82, 86 (2d Cir. 2005)). Plaintiff appears to assert that he was treated adversely as compared to his peers because of his conservative political leanings. (See PAC ¶ 46 ("Plaintiff was criticized for his conservative views while at CSI.").) But Plaintiff has not identified any comparators who were treated more favorably or alleged any disparate, adverse treatment beyond broad, conclusory accusations of "stigmatization" and "criticism." Any potential equal protection claim would be subject to dismissal under Rule 12(b)(6). Accordingly, this amendment is likewise futile.

## IV. State Law Claims

Absent any federal claim, as I decided in my first Memorandum and Order, I conclude that there is no justification for retaining supplemental jurisdiction over Plaintiff's remaining state claims. See Klein & Co. Futures, Inc. v. Bd. of Trade of New York, 464 F.3d 255, 262 (2d Cir. 2006).

## CONCLUSION

For these reasons, Plaintiff's motion for leave to amend is DENIED.

SO ORDERED.

Dated: December 21, 2023
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge

9